UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                          :
                                                :   Case No. 20-10794 (LGB)
                                                :
VOJISLAV SESUM,                                 :   Chapter 7
                                                :
                                                :
                       Debtor.                  :
------------------------------------------------------------x
SQUAREPOINT OPS, LLC                            :
                                                :
                       Plaintiff,               :
                                                :   Adv. Pro. No. 20-01090 (LGB)
            v.                                  :
                                                :
VOJISLAV SESUM,                                 :
                                                :
                       Defendant.               :
------------------------------------------------------------x

## OPINION & ORDER

**A P P E A R A N C E S**

OFFIT KURMAN, P.A.
*Counsel for Squarepoint Ops, LLC*
590 Madison Avenue, 6th Floor
New York, NY 10022
By:    Michael T. Conway, Esq.

LAZARE POTTER GIACOVAS & MOYLE LLP
*Counsel for Squarepoint Ops, LLC*
747 Third Avenue, 16th Floor
New York, NY 10017
By:    Robert A. Giacovas, Esq.
       Lainie E. Cohen, Esq.

NEUBERT, PEPE & MONTEITH, P.C.
*Counsel for Vojislav Sesum*
195 Church Street
New Haven, CT 06510
By:    Douglas S. Skalka, Esq.

WHITMAN BREED ABBOTT & MORGAN LLC
*Counsel for Vojislav Sesum*

500 West Putnam Avenue
Greenwich, CT 06830
By:    James C. Riley, Esq.

**HON. LISA G. BECKERMAN**
**UNITED STATES BANKRUPTCY JUDGE**

## I.   Procedural History

Squarepoint Ops, LLC ("Squarepoint") commenced an arbitration against Vojislav Sesum ("Sesum").  Erica B. Garay, as arbitrator (the "Arbitrator"), held an arbitration hearing on February 25, 26, 27 and 28, 2019.  On July 3, 2019, the Arbitrator issued an award with respect to Squarepoint's request for a permanent injunction against Sesum for violations of the Defend Trade Secrets Act and damages for Sesum's breach of his contract with Squarepoint and breach of his duty of loyalty as employee (the "Award"). On May 2, 2020, Judge Loretta A. Preska of the United States District Court for the Southern District of New York issue an Opinion and Order partially confirming the Award (the "Order"). A hearing to address modification of the Award as indicated by the Order was scheduled for March 16, 2020.  On March 13, 2020, Sesum filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code"). After Squarepoint was successful at lifting the automatic stay, a telephonic hearing was held. On May 20, 2020, the Arbitrator issued a modified final award (the "Modified Award") which corrected the deficiencies with the injunctive relief granted as indicated by the Order.

On May 22, 2020, this adversary proceeding was commenced by Squarepoint filing a complaint to determine non-dischargeability of the modified final award (A copy is attached as Exhibit F to the declaration of Lainie E. Cohen) and ultimate judgment thereunder pursuant to 11 U.S.C. §§ 523(a)(4) and (a)(6) (the "Complaint"). On July 6, 2020, Sesum filed an answer to the Complaint.

On June 21,2021, Squarepoint filed a notice of motion seeking summary judgment, along with an accompanying memorandum of law, declaration of Lainie E. Cohen and statement of undisputed facts. The declaration of Lainie E. Cohen attached a copy of the Award as Exhibit A and a copy of the Order as Exhibit B. On August 18, 2021, Sesum filed an opposing memorandum of law, response to statement of undisputed facts and statement of additional material facts, and affidavit of Sesum. On September 10, 2021, Squarepoint filed a reply brief in support of the motion for summary judgment. On September 23, 2021, the Court heard oral argument on the motion for summary judgment and reserved decision.

## II.   Summary Judgment Standard

Pursuant to Bankruptcy Rule 7056, which incorporates Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment "bears the burden of establishing that no genuine issue of material fact exists," and that the undisputed facts entitle the movant to

2

judgment as a matter of law. *See Morales v. Holder*, 351 F. App'x 554, 555 (2d Cir. 2010) (quoting *Rodriguez v. City of N.Y.,* 72 F.3d 1051, 1060-61 (2d Cir.1995)).

If the moving party meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Saenger v. Montefiore Med. Ctr.*, 706 F.Supp.2d 494, 504 (S.D.N.Y. 2010) (citation and internal quotation marks omitted). If, however, "the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). If "there is any evidence in the record from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper." *Rodriguez,* 72 F.3d at 1061 (citing *Brady v. Town of Colchester*, 863 F.2d 205, 210–11 (2d Cir. 1988)).

Thus, the court must "determine whether there are issues to be tried." *Rodriguez*, 72 F.3d at 1061. "[I]n making that determination, the court is to draw all factual inferences in favor of the party against whom summary judgment is sought, viewing the factual assertions in materials such as affidavits, exhibits, and depositions in the light most favorable to the party opposing the motion." *Id*. (citations omitted). In reviewing the available evidence, the court cannot "weigh the evidence, or assess the credibility of witnesses, or resolve issues of fact." *Id*. (citations omitted).

### III.    Summary Judgment Motion

Squarepoint moved for summary judgment with respect to the non-dischargeability action under sections 523(a)(4) and 523(a)(6) of the Bankruptcy Code. Section 523(a)(4) states that "[a] discharge under section 727, 1141, 1192, 1228 (a), 1228(b) or 1328(b) of this title does not discharge any individual debtor from any debt- … (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement of larceny."  Squarepoint argues that the Arbitrator's finding that Sesum misappropriated trade secrets is the equivalent of embezzlement and thus, Sesum's debt to Squarepoint should not be discharged. In support of its argument, Squarepoint primarily relies on *In re Harland*, 235 B.R. 769 (Bankr. E.D. Pa. 1999), where the court held that proof of misappropriation of trade secrets is tantamount to proof of embezzlement.

The elements of a cause of action based on embezzlement are that: (1) the creditor entrusted his property to the debtor; (2) the debtor appropriated the property for a purpose other than that for which it was entrusted; and (3) the circumstances indicate that the debtor acted with fraudulent intent or to deceive.  *See In re Nappy*, 269 B.R. 277, 296-97 (Bankr. E.D.N.Y. 1999). However, contrary to the test utilized in *Nappy*, there are several cases in this District that have held that fraudulent intent or intent to defraud is a necessary condition to embezzlement. *See In re Marashi*, No. 17 CV 10122 VB, 2019 WL 120726 at *2 (S.D.N.Y. Jan. 7, 2019) ("Conversion on its own, absent an intent to defraud, does not constitute embezzlement under this provision."); *Forest Diamonds Inc. v. Aminov Diamonds LLC*, No. 06 CIV. 5982 GEL, 2010 WL 148615 at *14 (S.D.N.Y. Jan. 14, 2010)*; In re Gabor*, No. 05-18719 ALG, 2009 WL 3233907 at *6 (Bankr. S.D.N.Y. Oct. 8, 2009).

3

Based upon the Court's review of the cases in this District that require the debtor to act with fraudulent intent or to deceive, it appears that, though not explicitly stated, courts focus more on fraudulent intent than deceit. Courts indicate that fraudulent intent may be determined from the facts and circumstances surrounding the act. *See In re Veneziano*, 615 B.R. 666, 678 (Bankr. D. Conn. 2020) (holding that the facts underlying a finding of embezzlement under relevant state law demonstrated the requisite intent for the wrongful taking of property from its rightful owners where the defendant, as financial head of the plaintiff, had been entrusted with corporate funds, wrongfully converted a substantial amount of corporate funds for his own use, and had demonstrated a record of looting the corporate treasury in substantial amounts for his own benefit over a period of at least ten years); *In re Suarez*, No. 95 CV 5038, 1996 WL 480809 at *4 (E.D.N.Y. Aug. 9, 1996) (holding that although the bankruptcy judge "appear[ed] to have desired some direct proof of [the debtor's] fraudulent intent," fraudulent intent could be inferred from circumstantial evidence. The debtor testified that despite receiving regular statements indicating the balance of his retirement account, he did not know the balance of his retirement account after depositing a check from a retirement plan and trust of his former employer that constituted an overpayment of over $87,000 and subsequently failing to return the overpayment upon the request of said trust); *In re Bevilacqua*, 53 B.R. 331, 334 (Bankr. S.D.N.Y. 1985) (holding that the debtor had, with "no doubt," misappropriated funds where he, acting as the agent of a certain check holder, deposited said check in a corporate account belonging to a corporation of which he was the president and, after waiting about a month, mailed the principle a "bad check" that was drawn on a then-closed corporate account); *Nappy* at 298 (holding that the debtor broker-dealer president's use of "multiple layers of accounts [and] transactions" to deposit customer funds into his personal account was "clear evidence of [the debtor's] intent to perpetuate his fraudulent scheme with customer funds").This suggests that deceit could be viewed more as a form of support that there is fraudulent intent than as a factor itself in finding embezzlement.

Squarepoint cites to various factual findings made by the Arbitrator in the Award as evidence of deceit by Sesum (Exhibit A, pp 3, 14–15 and 28). Specifically, Squarepoint cites to evidence that it entrusted its property to the debtor as set forth in the employment agreement and the employee handbook, both of which clearly outlined confidentiality with respect to code, ideas, and strategies developed while Sesum worked at Squarepoint. Additionally, it was explicitly stated in the employee handbook that all inventions and works developed by an employee while he or she works for Squarepoint belong to Squarepoint.

Squarepoint also cites to the Award as evidence that the debtor appropriated the property for a purpose other than that for which it was entrusted (Exhibit A, pp. 14, 16, 26 and 27). Specifically, Squarepoint cites to evidence regarding Sesum's representations to Millenium Management LLC ("Millenium") that Sesum owned the intellectual property regarding the strategy and information about the strategy, the latter of which Sesum provided to Millenium, a competitor of Squarepoint, despite the fact that Sesum not have the right to disclose, license, or use the strategy, as it belonged to Squarepoint.

4

Lastly, Squarepoint cites to the Award for evidence that the debtor acted with fraudulent intent or deceit (Exhibit A, pp. 6, 25, 26, 27 and 28). The facts that Squarepoint relies upon to demonstrate fraudulent intent or deceit are that Sesum (a) had a plan, (b) replicated a database that belongs to Squarepoint, (c) hid his work on the strategy by naming folders in a manner that disguised the content, (d) failed to deliver the code, algorithms and other back up for the strategy to Squarepoint, (e ) deleted materials from certain notebooks and computers at Squarepoint, (f) conducted internet searches as to how to copy and delete materials, (g) deleted materials from his Squarepoint workplace, (h) was paid a 2017 bonus and gardening leave from Squarepoint while it was unaware of his activities, and (i) was hired by Millenium as a portfolio manager having falsely represented that he was already one at Squarepoint.

While these facts support a finding that Sesum was engaged in deceit vis- à-vis Squarepoint, it not clear that these facts support a finding of fraudulent intent by Sesum. The Arbitrator did not expressly find that Sesum acted with fraudulent intent in the Award and none of the causes of action in the arbitration required that the Arbitrator make such a finding. Intent is a state of mind that is difficult for a Court to determine without weighing all of the evidence and assessing the credibility of the witnesses. Of course, in the context of a summary judgment motion, this is not possible.

The Court finds that fraudulent intent is required as an element of embezzlement and that deceit alone is insufficient. The evidence submitted by Squarepoint in support of the summary judgment motion, and in particular the Award, alone is insufficient forfinding of fraudulent intent by the debtor. Accordingly, the Court denies summary motion with respect to the count in the Complaint seeking to make the damages owed to Squarepoint under the Modified Award non-dischargeable under section 523(a)(4) of the Bankruptcy Code.

Section 523(a)(6) of the Bankruptcy Code states that "A discharge under section 727, 1141, 1192, 1228 (a), 1228(b) or 1328(b) of this title does not discharge any individual debtor from any debt- … (6) for willful and malicious injury by the debtor to another entity or to the property of the entity." The elements of the cause of action are that: (1) the debtor must have acted willfully, (2) the debtor must have acted maliciously, and (3) the debtor's willful and malicious actions causes injury to the plaintiff or the plaintiff's property. The Supreme Court held that there must be a deliberate and intentional injury, not merely a deliberate or intentional act that leads to injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998).

Although the Second Circuit has yet to opine on the issue, courts within this Circuit have largely applied the subjective standard to the willfulness requirement. *See, e.g., Citik Ka Wah Bank Ltd. N.Y. Branch v. Wong (In re Wong),* 291 B.R. 266, 280 (Bankr.S.D.N.Y.2003) ("An act is willful when the debtor intends to inflict the injury or knew that the injury was substantially certain to result.") (internal citations omitted); *In re Alicea,* 230 B.R. 492, 507 (Bankr.S.D.N.Y.1999) (" 'Willful,' as used in section 523(a)(6), means 'a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury,' and includes conduct that the actor is substantially certain will cause injury.") (internal citations omitted); *In re Mitchell,* 227 B.R. 45, 51 (Bankr.S.D.N.Y.1998) (Explaining that willfulness "includes conduct that the actor is substantially certain will cause injury.") (internal citations omitted). The uncontroverted facts

must demonstrate that the debtor intended to injure the victim or engaged in a conduct that was substantially certain to cause injury to the victim in order for the debtor to have acted willfully.

It is unclear from the undisputed facts cited to by Squarepoint that Sesum intended to injure Squarepoint as opposed to personally profit from the strategy which he developed while at Squarepoint by using it to help him get a job elsewhere with higher compensation.  The record is also unclear as to how likely injury to Squarepoint was as a result of the appropriation of trade secrets by Sesum.   Would Squarepoint suffer cash losses in its business as a result of Sesum moving to Millenium and employing the strategy, or is it just that Squarepoint would not reap the profits from the strategy as Millenium and Sesum would? The Court finds that it is unclear from the evidence before the Court whether Sesum intended to injure Squarepoint and thus, whether the willfulness standard has been met.

In addition to willfulness, the evidence must also demonstrate that Sesum acted maliciously. To establish malice, Squarepoint must prove that the debtor acted wrongfully and "without just cause or excuse, even in the absence of personal hatred, spite or ill will." *Navistar Fin. Corp. v. Stelluti (In re Stelluti)*, 94 F.3d 84, 87-88 (2d Cir. 1996).  Malice is implied when "anyone of reasonable intelligence knows that the act in question is contrary to commonly accepted duties in the ordinary relationships among people, and injurious to another." *Id.* at 88.

Squarepoint cites to the Arbitrator's findings in the Award regarding Sesum's plan with respect to the strategy and employment at Millenium, and also to Sesum's hiding of his work in improperly identified folders, as evidence of Sesum's malice (pages 2, 5-7, 15, 18-21, 22, 25-26 and 28).   It is clear from the Arbitrator's findings in the Award that the acts in question by Sesum were contrary to commonly accepted duties of an employee to an employer. The Arbitrator awarded damages to Squarepoint to compensate Squarepoint for Sesum's improper conduct as an employee and the damages portion of the Award was confirmed by the District Court. The findings in the Award regarding Sesum's actions and the District Court's Order support a finding by this Court of implied malice. Sesum's conduct resulted in some injury to Squarepoint as evidenced by the monetary damages awarded by the Arbitrator and confirmed by the District Court.

Because the uncontroverted facts presented to the Court in support of the motion for summary judgment do not provide sufficient evidence of willfulness, the Court denies summary judgment with respect to the count in the Complaint seeking to make the damages owed to Squarepoint under the Modified Award non-dischargeable under section 523(a)(6) of the Bankruptcy Code.

Dated: New York, New York
      September 12th, 2022

                              */s/ Lisa G. Beckerman*
                              **HON. LISA G. BECKERMAN**
                              **UNITED STATES BANKRUPTCY JUDGE**